# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
oOo

UNITED STATES OF AMERICA

v.

SETH MICHAEL BERTOLINI

CRIMINAL COMPLAINT

CASE NO.

2:14-MJ-174 EFB

**FILED**
AUG 1 1 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Approved
AUSA 8/11/14

FORRISTEL, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about each date set forth below, in the Eastern District of California, defendant BERTOLINI, did commit the following felony offenses:

Count 1, a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm;

Count 2, a violation of Title 21, United States Code, Section 841(a)(1), PWID heroin;

Count 3, a violation of Title 21, United States Code, Section 844(a), possession of cocaine; and

Count 4, a violation of Title 18, United States Code, Section 924(c)(1), possession of a firearm during a drug trafficking offense.

I further state that I am a Special Agent with the Federal Bureau of Investigation in and for the Eastern District of California and that this complaint is based on the following facts:

- see attached Affidavit, fully incorporated herein

x  Continued on the attached sheet and made a part hereof.

_____
(signature of complainant)  ANDREW D. FORRISTEL
SPECIAL AGENT, FBI

Sworn to before me, and subscribed in my presence at Sacramento, California

_____
(authorizing/issuing judicial official's signature)

EDMUND F. BRENNAN, U.S. MAGISTRATE JUDGE
_____
(print authorizing/issuing judicial official's name and title)

8-11-2014
(date)

# AFFIDAVIT

I, Andrew D. Forristel, ("Your Affiant"), a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), Sacramento Division, Chico Resident Agency, being duly sworn, depose and state the following.

1. Your Affiant has been employed as a Special Agent of the FBI for approximately eleven years, and is currently assigned to the Sacramento Division, Chico Resident Agency. Some of my investigative responsibilities include violent crimes, bank robberies, illicit drug trafficking and manufacture, and fugitive matters.

2. The statements contained in this affidavit are based on information provided by law enforcement officers/agents of the Federal Bureau of Investigation and officers from other law enforcement agencies with whom I have spoken or whose reports I have read, and my own investigation and percipient knowledge. Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have set forth only the facts that I believe are necessary to establish that there is probable cause for the indicated offenses.

3. Based on the following information, I believe probable cause exists that SETH MICHAEL BERTOLINI, date of birth 11/06/1970, has committed the following violations: Count 1, a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm; Count 2, a violation of Title 21, United States Code, Section 841(a)(1), possession of heroin with intent to distribute; Count 3, a violation of Title 21, United States Code, Section 844(a), possession of cocaine; and Count 4, a violation of Title 18, United States Code, Section 924(c)(1), possession of a firearm during a drug trafficking offense, all in the territory and jurisdiction of the Eastern District of California.

4. On 06/04/2014, an Officer with the Chico Police Department (CPD), who was on duty in full CPD uniform and driving a fully marked CPD patrol vehicle, was driving in a residential area in the city of Chico, County of Butte, Eastern District of California. While driving, the CPD Officer observed -- coming toward him from at least 50 feet -- a silver colored, Ford sedan, California license 5AZU754 (Ford) driving with the car's radio system playing loudly, in violation of California Vehicle Code (CVC), section 27007.

5. The CPD Officer positioned the CPD patrol vehicle behind the Ford and prepared to conduct an investigatory stop. Prior to doing so, the Ford pulled over to the curb and came to a stop. The Officer activated the emergency lights on the patrol vehicle, and stopped behind the Ford. As the Officer exited the patrol vehicle, an individual known to the Officer as SETH MICHAEL BERTOLINI exited the driver's door of the Ford. The CPD Officer has previously arrested BERTOLINI for violations pertaining to an incident in which BERTOLINI fled from law enforcement in a stolen vehicle, and on foot.

6. BERTOLINI appeared very animated and agitated, yelling at the Officer. For the safety of the Officer, and for the safety of BERTOLINI, the Officer told BERTOLINI that if he was going to exit the Ford before the officer approached the vehicle, he needed to step over to the curb. BERTOLINI replied "Fuck you." Due to BERTOLINI's aggressive behavior, his unwillingness to obey law enforcement's direction, and the Officer's prior history with him, the Officer removed his baton -- in case BERTOLINI attacked him and or to facilitate his (the officer's) ability to pursue BERTOLINI if he took flight -- and directed BERTOLINI to get onto the ground. BERTOLINI continued to yell at the Officer, then turned and ran, leaving the driver door of the Ford open. The Officer pursued BERTOLINI on foot, and after approximately one-half block of running, caught up to BERTOLINI, shoved BERTOLINI to the ground, and detained him in handcuffs.

7. Based on BERTOLINI's refusal to obey law enforcement's commands, and his running away from the lawful, traffic investigative stop, the Officer placed BERTOLINI under arrest for violation of California Penal Code, section 148(a), obstruct or delay a peace officer.

8. For officer safety, compliance with departmental policy, and incident to arrest, the officer searched BERTOLINI's person. During this search, the officer located a used glass smoking pipe and a clear plastic zip-lock style bag in BERTOLINI's shorts pocket. The plastic zip-lock style bag contained 18, small, separately packaged bags of a substance which appeared to be heroin. The 18 bags were subsequently weighed and are further described as having the following quantities: 6.40 grams, 3.65 grams, 8.00 grams, 1.19 grams, 1.17 grams, 1.07 grams, 1.17 grams, 1.19 grams, 1.16 grams, 1.09 grams, 1.07 grams, 1.07 grams, 1.20 grams, 1.09 grams, 1.09 grams, 1.20 grams, 1.15 grams, and 1.20 grams, totaling 35.16 grams, which tested presumptive positive for heroin.

9. At the time of this incident, CPD dispatch was unable to query the California Department of Motor Vehicles to identify the registered owner of the Ford. Since BERTOLINI had abandoned the Ford, the abandoned Ford was not secure (with its door left open), and the abandoned Ford's ownership status was unknown, the abandoned Ford was prepared for tow in compliance with CPD policy.

10. Prior to the towing of a vehicle, law enforcement searched BERTOLINI's Ford. Located on the floorboard behind the driver's seat was a black colored shoulder bag, containing the following items: (1) A Smith and Wesson, .32 caliber revolver, serial number H41451, black in color, which was loaded with 6 live rounds of .32 caliber S&W Long with shell casing stamp "32 S&WL" ammunition; (2) a digital gram scale; (3) 5 Hypodermic needles, two of which contained a liquid similar in appearance to heroin; and (4) A three page, handwritten note, signed "Seth."

11. Prior to transporting BERTOLINI to the CPD, he was asked if he had any other narcotics on his person. BERTOLINI stated he did not. After arriving at CPD, BERTOLINI was again asked if he was in possession of any more narcotics. BERTOLINI again said he was not. BERTOLINI was again searched prior to being placed in a jail cell. During this search, BERTOLINI's shoes and socks were removed. As BERTOLINI removed his right sock, a folded up lottery ticket fell out. BERTOLINI said "Shit, I forgot about that." Law enforcement retrieved the lottery ticket and located inside the folded ticket a small bindle containing a white powdery substance, similar in appearance to cocaine. The substance's weight was determined to be 0.64 grams, and tested presumptive for cocaine.

12. Based on the evidentiary items recovered, law enforcement obtained a search warrant for BERTOLINI's residence, located at 3532 Via Medio, Chico, California ("Residence"). The search warrant was issued on June 4, 2014, by the Butte County Superior Court, search warrant number BSW 14-141, and was signed by Judge Denny R. Forland.

13. On 06/04/2014, law enforcement served the aforementioned search warrant at BERTOLINI's residence. At the time the search warrant was executed, no other persons were located in, or resided at, the Residence.

14. Law enforcement located and seized, among other things, the following items in BERTOLINI's master bedroom, master closet, and master bathroom: (1) Paperwork and indicia containing BERTOLINI's name; (2) Retail box of 50 count Remington brand S&W Long .32 caliber handgun ammunition (containing 38 live rounds of .32 caliber ammunition with shell casing stamp "32 S&WL"); (3) Cigarette box containing 6 live rounds of .32 caliber S&W Long with shell casing stamp "32 S&WL" ammunition (appearing to be similar to the 38 rounds located in the retail box), (4) 1.0 gram of apparent heroin; (5) Ceska Zbrojovka (CZ), model CZ52, 7.62 mm, semi-automatic handgun, serial number D13873; (6) One holster and two magazine's for the CZ52 semi-automatic handgun; (7) 11 hypodermic needles, three of which were used and contained a brown residue; (8) Torn, plastic bags; and (9) Cotton balls containing brown residue. Your Affiant is aware that torn, plastic baggies similar to those located are consistent with illicit drug trafficking.

15. Law enforcement located and seized, among other things, the following items in BERTOLINI's laundry room and kitchen: (1) Approximately 30 cc of suspected liquid heroin in a hypodermic needle; (2) Usable quantity of suspected liquid heroin inside a glass dish; and (3) Boxes of zip-lock style bags.

16. Law enforcement is aware that the Smith & Wesson and CZ firearms, each which were manufactured outside the state of California, moved in interstate commerce into the state of California.

17. Your Affiant has compared the ammunition loaded in BERTOLINI's Smith & Wesson handgun (located inside the Ford BERTOLINI drove), and the ammunition located in BERTOLINI's bedroom, and noted the following: (a) The ammunition located in the retail box, the ammunition located in the cigarette box, and the ammunition located in the Smith & Wesson are all similar in appearance, are of the same caliber, and contain the same unique "32 S&WL" shell casing stamps; (b) The retail box packaging indicates it is sold with 50 rounds of ammunition; and (c) Only 38 rounds were located in the box. Your Affiant believes the missing 12 rounds of ammunition from the retail box are accounted for between the 6 rounds located inside the Smith & Wesson handgun, and the 6 rounds located inside the cigarette box.

18. Your Affiant is aware that BERTOLINI has suffered numerous felony convictions, including the following on or about the indicated year: 1995, 11377(A) California Health & Safety (H&S), Possession of a Controlled Substance, Butte County, California, case number CM005371; 1995, 459 California Penal Code (PC), Second degree Burglary, Butte County, California, case number CM006793; 1999, 12021(A)(1) PC, Felon in Possession of Firearm, Butte County, California, case number CM012830; 2004, 12020(A)(1) PC, Manufacture/Possess Dangerous Weapon, Butte County, California, case number CM022364; and 2007, 12021(A)(1) PC, Felon in Possession of Firearm, Butte County, California, case number CM026302.

19. Based on the aforementioned facts and circumstances, the undersigned Affiant believes there is probable cause that SETH MICHAEL BERTOLINI, date of birth 11/06/1970, committed the following violations: Count 1, a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm; Count 2, a violation of Title 21, United States Code, Section 841(a)(1), possession of heroin with intent to distribute; Count 3, a violation of Title 21, United States Code, Section 844(a), possession of cocaine; and Count 4, a violation of Title 18, United States Code, Section 924(c)(1), possession of a firearm during a drug trafficking offense, all in the territory and jurisdiction of the Eastern District of California.

ANDREW D. FORRISTEL
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this
Monday, the 11th day of August 2014.

EDMUND F. BRENNAN
United States Magistrate Judge
Eastern District of California

Approved

MICHELLE RODRIGUEZ
Assistant United States Attorney

///