# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Person Under Supervision

**Name of Person Under Supervision:** Seth Michael Bertolini     **Docket Number:** 0972 2:14CR00260-001

**Name of Judicial Officer**: United States District Judge Troy L. Nunley

**Date of Original Sentence:** 5/21/2015

**Original Offense:**

**Count 1**: 18 U.S.C. § 922(g)(1)-Felon in Possession of a Firearm (CLASS C FELONY)

**Count 2**: 21 U.S.C. §841(a)(1)-Possession with Intent to Distribute at Least 20 Grams of Heroin (CLASS C FELONY)

**Original Sentence:** 77 months custody to the Bureau of Prisons on Counts 1 & 2 to be served concurrently, for a total term of 77 months; 36 months Supervised Release on Counts 1 & 2 to be served concurrently, for a total term of 36 months; Mandatory Drug Testing; No Firearms; DNA Collection; $200.00 Special Assessment.

**Special Conditions:**

1. Warrantless Search
2. Financial Disclosure
3. Drug/Alcohol Treatment
4. Drug/Alcohol Testing
5. Mental Health Treatment
6. Aftercare Co-payment
7. Registration (drug)
8. Cognitive Behavioral Treatment

**Type of Supervision:** TSR

**Date Supervision Commenced:** 1/30/2020

RE: **Seth Michael Bertolini**               Docket Number: 0972 2:14CR00260- 001

**Other Court Actions:**

**03/27/2020**: Probation Form12A-Report on Person Under Supervision was submitted to the Court outlining his violation conduct to include the use of heroin on or about February 12, 2020. No action was requested, and the Court concurred.

**09/15/2021**: Probation Form 12A-Report on Person Under Supervision was submitted to the Court outlining his violation conduct to include the use of methamphetamine on or about July 31, 2021. No action was requested, and the Court concurred.

---

## PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

The probation officer alleges the Person Under Supervision has violated the following conditions(s) of supervision:

**Charge Number**          **Nature of Violation**

**Charge :1**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On July 31, 2021, Seth Bertolini admitted to the Probation Officer that he used methamphetamine on July 30, 2021. This is in violation of the Mandatory Condition which states in part, *"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."*

**Charge 2:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On November 15, 2021, Seth Bertolini submitted a urine specimen which was later confirmed to be positive for morphine and cocaine. This is in violation of the Mandatory Condition which states in part, *"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."*

**Charge 3:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On November 29, 2021, Seth Bertolini submitted a urine specimen which was positive for amphetamines, cocaine, opiates, and fentanyl. The drug test has been submitted for confirmation and the results are pending. This is in violation of the Mandatory Condition which states in part*, "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."*

RE: **Seth Michael Bertolini**                    **Docket Number: 0972 2:14CR00260-** 001

**Charge 4:**        **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On December 3, 2021, Seth Bertolini submitted a urine specimen which was positive for amphetamines, cocaine, opiates, and fentanyl. The drug test has been submitted for confirmation and the results are pending. This is in violation of the Mandatory Condition which states in part, *"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."*

**Justification:** Mr. Bertolini's supervised release commenced January 30, 2020. Since his commencement of supervised release, Mr. Bertolini has tested positive for illicit substances approximately five times. He has been enrolled in substance abuse counseling since March 2020.

On February 13, 2020, during a home visit, Mr. Bertolini submitted to a drug test which was positive for opiates. After initially denying any use, he ultimately admitted to the use of heroin. He subsequently sought methadone services at a local clinic. He also volunteered to attend 30 Narcotics Anonymous meetings in 30 days. He submitted proof that he attended 16 meetings.

On or about September 15, 2021, during a home visit, the person under supervision was directed to submit to an oral drug test by his probation officer. Prior to the administration of the test, Mr. Bertolini admitted to the use of methamphetamine and signed an Admission Report to substantiate his use. The probation officer placed Mr. Bertolini into drug testing. At the time of his use, he was participating in outpatient substance abuse counseling.

On September 21, 2021, Mr. Bertolini tested positive for COVID-19. On October 8, 15, and 25, 2021, Mr. Bertolini failed to submit to drug testing as mandated. When confronted about the missed drug test, he reported that he was still suffering from symptoms related to COVID-19. He told the probation officer that he was scheduled for a follow-up COVID test on October 22, 2021. On October 25, 2021, during a telephone call with Mr. Bertolini, he reported that he did not take the follow-up COVID test because he felt too ill and was suffering from respiratory issues. He reported that he was scheduled to take another follow-up test on Thursday October 28, 2021. On November 1, 2021, the probation officer learned that Mr. Bertolini had not taken the follow-up test and I expressed concern that he was using COVID-19 as an excuse to miss drug testing. On November 5, 2021, Mr. Bertolini was directed to submit to a COVID-19 test. On November 17, 2021, Mr. Bertolini sent me an e-mail confirming that he submitted to a follow-up COVID-19 test and the results were negative. Confirmation of the test was not provided to the probation officer. It is respectfully noted that Mr. Bertolini submitted to a drug test on November 15, 2021, which was positive for morphine and cocaine two days before he sent me the e-mail about his negative COVID test.

On December 1, 2021, Mr. Bertolini was confronted about his positive drug tests. He denied knowingly ingesting cocaine, amphetamine, or fentanyl. However, he admitted to the use of heroin. During this telephone call he was advised that he would need to enter a residential treatment program. Mr. Bertolini asked if he could remain in the community because he was his father's caregiver. He also volunteered to participate in an intensive outpatient treatment and later found an intensive outpatient program in his area.

RE: **Seth Michael Bertolini**          **Docket Number: 0972 2:14CR00260- 001**

He also agreed to increase his individual sessions and attend 90 Narcotics Anonymous meetings in 90 days. After speaking with Mr. Bertolini's counselor, I agreed to this plan.

On December 6, 2021, I learned of a police report from Chico Police Department. The police report was taken subsequent to a collateral source contacting them about elderly abuse. According to the police report, Mr. Bertolini was observed aggressively arguing with his father. Further investigation revealed that although Mr. Bertolini is his father's caregiver, he had been out of the home for approximately three days and his father was low on food and medication. Furthermore, there was a verbal report that Mr. Bertolini had previously physically assaulted his father which led to him falling causing his admission into a hospital for broken ribs and a fractured spine. The collateral source also observed a "pipe" in his back right pocket. Adult Protective Services was contacted and there appears to be an open case.

**Detention:** Mr. Bertolini presents as a danger to himself as evidenced by his illegal drug use. Additionally, his alleged abuse of his father presents a third-party risk that Adult Protective Services will need to address. It is respectfully requested that he remain in custody pending the resolution of the petition.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**     **December 20, 2021**
                        **Sacramento, California**

Respectfully submitted,

**Tanisha M. Sanford-Yarber**
**Senior United States Probation Officer**
Telephone: 916-930-4312

**DATED:**    12/20/2021

Reviewed by,

**Shannon L. Morehouse**
**Supervising United States Probation Officer**

RE: **Seth Michael Bertolini**                    Docket Number: 0972 2:14CR00260- 001

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**DATED:  December 20, 2021**

Troy L. Nunley
United States District Judge

CC:

United States Probation

Assistant United States Attorney: Michelle Rodriguez

United States Marshal Service

RE: **Seth Michael Bertolini**                          **Docket Number: 0972 2:14CR00260-** 001

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Troy L. Nunley
United States District Judge
Sacramento, California

                                                            RE:     Seth Michael Bertolini
                                                            **Docket Number:** 0972 2:14CR00260-1

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**
    a. **Evidence:**

        i. Admission/Denial Report, Report of Positive Drug Test dated July 31, 2021.

    b. **Witnesses:**

        i. Senior United States Probation Officer Tanisha Sanford-Yarber.

**Charge 2:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**
    a. **Evidence:**

        i. Abbott Drug Test Reports, specimen ID number, B04790067.

    b. **Witnesses:**

        i. Senior United States Probation Officer Tanisha Sanford-Yarber.

**Charge 3:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**
    a. **Evidence:**

        i. Drug test lab report, specimen ID number CAEP0004830.

    b. **Witnesses:**

        i. Senior United States Probation Officer Tanisha Sanford-Yarber.

RE: **Seth Michael Bertolini**  **Docket Number: 0972 2:14CR00260-** 001

**Charge 4:** **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**
    a. **Evidence:**

        i. Drug test lab report, specimen ID number CAEP0006308.

    b. **Witnesses:**

        i. Senior United States Probation Officer Tanisha Sanford-Yarber.

Respectfully submitted,

**Tanisha M. Sanford-Yarber**
**Senior United States Probation Officer**
Telephone: 916-930-4312

**DATED:** 12/20/2021
Sacramento, California

Reviewed by,

**Shannon L. Morehouse**
**Supervising United States Probation Officer**

RE: **Seth Michael Bertolini**                **Docket Number: 0972 2:14CR00260-** 001

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person Under Supervision:**   Seth Michael Bertolini          **Docket Number:**   0972 2:14CR00260-1

**Date of Original Offense:**   June 4, 2014

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** C

**Criminal History Category of person under supervision:** VI

**Original guideline range:** 63 **to** 78 **months.**

**Chapter 7 range of imprisonment:** 8 **to** 14 **months.**

**Maximum term on revocation - 18 U.S.C. § 3583(e)(3):**

☒        **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES:** ☒    **NO:** ☐

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 U.S.C. § 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 U.S.C. § 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 U.S.C. § 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.